IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY S. MEADOWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 7:19CV394 |
| ) | |
| NORTHROP GRUMMAN INNOVATION ) | |
| SYSTEMS, INC., ) | |
| ) | |
| BAE SYSTEMS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| BAE SYSTEMS ORDNANCE ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

**TO: THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**

**DEFENDANTS BAE SYSTEMS, INC.'S & BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S**
**NOTICE OF REMOVAL**

Defendants BAE Systems, Inc. ("BAE Systems") and BAE Systems Ordnance Systems, Inc. ("OSI") (collectively "BAE"), by counsel, hereby file this Notice of Removal of State Court action Case No. CL18-1006 from the Circuit Court for Montgomery County, Commonwealth of Virginia, to the United States District Court for the Western District of Virginia, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on the following facts:

1. On or about May 11, 2018, Plaintiff Jeffery S. Meadows ("Meadows") filed, but did not serve, a Complaint in the Circuit Court for Montgomery County under Case No. CL18-1006. On or about April 24, 2019, Meadows filed an Amended Complaint in the Circuit Court for Montgomery County under Case No. CL18-1006 against the above-captioned defendants and

served each of the above-captioned defendants with the same on May 3, 2019. That action is now pending in such Court.

2. A copy of the original Complaint, and service copies of the Amended Complaints, along with the Summons for each defendant, along with all other pleadings and papers filed in this action, are attached hereto as **Exhibit A**

3. Exhibit A includes all of the pleadings served in this action.

4. This Notice of Removal is filed within thirty (30) days of service of the Summonses on the above-captioned defendants, and within thirty (30) days of service of the Summonses on BAE.

5. In his Complaint, Meadows purports to assert state law claims against BAE. His claims, however, only arise, if at all, under federal law because they relate to and arise out of Meadows' work for BAE at the Radford Army Ammunition Plant ("Arsenal"), a federal enclave. *See JAAAT Tech. Servs., LLC v. Tetra Tech Tesoro, Inc.*, 2016 U.S. Dist. LEXIS 41946 at \*\*18 (E.D. Va. 2016).

6. The Arsenal is a munitions production facility that has operated continuously in Southwest Virginia for more than seventy-five years. *See* Declaration of Matt Linkous ("Linkous Decl."), a copy of which is attached hereto as **Exhibit B**, at ¶ 3.

7. The Arsenal is the primary propellant manufacturing facility for the United States Department of Defense. *Id.* at ¶ 4.

8. BAE is a federal contractor that has operated the Arsenal since it was awarded the facility's federal contract in July 2012. Linkous Decl. at ¶ 5. Meadows was hired by BAE OSI as

a full-time Program Manager I, reporting to Michael Bate ("Bate") at the Arsenal. *Id.* at ¶ 6. When applying for his position, Meadows interviewed on-site at the Arsenal. *Id.* at ¶ 7. During his employment with BAE OSI, Meadows' office was located within the Arsenal in Building 220, and his physical presence was normally required to perform his duties within the Arsenal. *Id.* at ¶ 8; *see also id.* at ¶¶ 9-10, Ex. 1.

9. On or around May 1, 2017, BAE OSI received an allegation that Meadows was simultaneously employed by Orbital ATK, Inc. ("ATK"), a direct competitor of BAE. *See* Am. Compl. at ¶ 64; Am. Compl. Ex. E at 2. BAE investigated the allegation, and "[o]n July 25, 2017, [BAE] submitted a *mandatory disclosure* to the Office of Inspector General [("OIG")] of the Department of Defense alleging time mischarging related to Meadows' non-work activities when he was employed as Program Manager I in Radford, VA[ and while] [h]e was simultaneously employed as a consultant by [ATK] without obtaining permission from BAE." Compl. Ex. F at 3 (emphasis added). As stated in the Department of Navy's ("DON") Memorandum in Support of Proposed Debarment of Jeffrey S. Meadows:

> According to [BAE's mandatory] disclosure, the investigation determined that Meadows mischarged a total of 583 hours. Follow up communication with BAE's Vice President (VP) and Chief Ethics Officer revealed that the mischarged hours were calculated based on the total time that Meadows was employed by both companies, starting in January 2016 until he was terminated.

*Id.* Ex. F. at 3.

10. On June 21, 2017, Matt Linkous ("Linkous"), BAE OSI's HR Manager at the Arsenal, sent a letter from the Arsenal to Meadows notifying him that, following an investigation which began on or around May 1, 2017, Meadows was found to have "violated [BAE's] Code of Conduct and Ethics policies related to Conflict of Interest." *Id.* at ¶ 11. In addition, Meadows was

{2539628-1, 115568-00005-01}    3

Case 7:19-cv-00394-MFU    Document 1    Filed 05/24/19    Page 3 of 8    Pageid#: 3

found to have "violated [BAE's] Timekeeping policy and mischarged time while [he] worked for BAE." *Id.* Accordingly, Meadows was terminated from his employment with BAE OSI at the Arsenal effective June 21, 2017. *Id.* The investigation that supported Meadows' termination relied, in part, on documents and information located within and originating from the Arsenal. *Id.* at ¶ 12.

11. Even though the Arsenal is a federal enclave and BAE OSI was performing delegated federal functions when engaged in the alleged conduct (including fulfilling BAE's mandatory reporting obligations under Federal Acquisition Regulations), Meadows nonetheless filed a Complaint in state court alleging purported state law claims against BAE, including: (1) common law defamation (Count I); (2) defamation *per se* (Count II); (3) wrongful discharge (Count III); (4) common law conspiracy against BAE and ATK's successor, Northrop Grumman Innovation Systems, Inc. ("NGIS") (Count IV); and (5) statutory business conspiracy against BAE and NGIS (Count V).

12. "When exclusive jurisdiction is ceded to the United States, the laws of the state at the time of the cession will continue in effect ***as federal law***, and subject matter jurisdiction under 28 U.S.C. § 1331, is proper." *JAAAT Tech. Servs., LLC*, 2016 U.S. Dist. LEXIS 41946 at *18 (emphasis altered) (citing multiple cases "flatly conclud[ing]" the same).

13. Indeed, Article I, section 8, clause 17 of the United States Constitution provides:

> Congress shall have the Power . . . To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and ***to exercise like Authority*** over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, ***Magazines, Arsenals,*** dock-Yards, and other needful Buildings . . . . (emphasis added)

Thus, under the federal enclave doctrine, when "the United States acquires with the 'consent' of the state legislature land within the borders of that State ... the jurisdiction of the Federal Government becomes 'exclusive.'" *Paul v. United States*, 371 U.S. 245, 264 (1963).

14.     This Court has already found that the Arsenal is a federal enclave established "[i]n April 1942, by Deed of Cession, [wherein] the Commonwealth of Virginia ceded exclusive jurisdiction to the United States of America to all realty comprising the [Arsenal], retaining jurisdiction only with regard to the service of civil or criminal process." *Adams v. Alliant Techsystems, Inc.*, 218 F. Supp. 2d 792, 796 (W.D. Va. 2002) ("[B]oth parties agreed that the Arsenal was on a federal enclave, a fact incidentally supported by the record. The issue was properly before the court, and the court decided it."); *see also Adams*, 218 F. Supp. 2d at n.1 (recognizing plaintiff's belated challenge to the Arsenal's status as a federal enclave on his motion to reconsider was not only late, but "more fundamentally…wrong"); *cf. United States v. Scott*, 188 F. App'x 213, 215 n.2 (4th Cir. 2006) (recognizing a court may take "judicial notice that … 'property [is] administered by the Department of Defense [and] within the special territorial jurisdiction of the United States'").

15.     It is undisputed that Meadows' claims against BAE arise out of the federal enclave. *See generally* Am. Compl.; *cf.* Linkous Declaration. There likewise can be no dispute that Meadows' claims, to the extent they are cognizable, are federalized state-law claims under the federal enclave doctrine. *See, e.g., Allison v. Boeing Laser Tech. Servs.*, 2010 U.S. Dist. LEXIS 152175, at *15, n.6 (D.N.M. 2010) (finding plaintiff's claims were subject to the federal enclave doctrine because he was "based in Building 416" of the enclave and did "some work" in the enclave; it does not matter that he did some work from home or outside the enclave or that Boeing was based in Illinois, outside the enclave) *aff'd*, 689 F.3d 1234 (10th Cir. 2012); *Rosseter v.*

*Industrial Light & Magic*, 2009 U.S. Dist. LEXIS 5307 at **4-5 (N.D. Cal. 2009) (same); *Powell v. Tessada & Assocs.*, 2005 U.S. Dist. LEXIS 46922 at *7 (N.D. Cal. 2005) (finding "defendants' employment practice on the enclave was controlling … regardless of where the decision not to retain Plaintiffs was made."); *Lockhart v. MVM, Inc.*, 175 Cal. App. 4th 1452, 97 Cal.Rptr.3d 206, 212 (Ct. App.2d Dist. Cal. 2009) ("As the employee of a contractor operating on the enclave, [plaintiff's] claims are governed by the enclave's law, rather than by state law," regardless of where the termination decision was made.); *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472, 481, 92 Cal. Rptr. 2d 873 (Ct. App.2d Cal. Dist. 2000) (rejecting argument that plaintiff's claims did not arise on the enclave because he was on paid suspension outside of the enclave when he was terminated).

16. Co-defendant Northrop Grumman Innovation Systems, Inc. consents to the removal of this action to this court.

17. Accordingly, removal is proper and this action may be removed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

18. Venue is proper in the United States District Court for the Western District of Virginia, Roanoke Division pursuant to 28 U.S.C. § 1446(a) because the state court action is pending within the Western District of Virginia, Roanoke Division.

WHEREFORE, Defendants BAE Systems, Inc. and BAE Systems Ordnance Systems, Inc., with the consent of co-defendant Northrop Grumman Innovation Systems, Inc., requests that this action be removed from the Circuit Court for Montgomery County to the United States District Court for the Western District of Virginia.

Date: May 24, 2019                    Respectfully submitted,

  /s/ Joshua R. Treece
Thomas M. Winn, III, Esq. (VSB # 35758)
winn@woodsrogers.com
Joshua R. Treece, Esq. (VSB #79149)
jtreece@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7529
Facsimile: (540) 983-7711

*Counsel for Defendants BAE Systems, Inc.
and BAE Systems Ordnance Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of May, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ Joshua R. Treece