UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(ROANOKE DIVISION)

| | |
|---|---|
| JEFFREY S. MEADOWS, | ) |
| Plaintiff, | ) |
| v. | ) |
| NORTHROP GRUMMAN INNOVATION SYSTEMS, INC., | ) Case No. 7:19-cv-00394-MFU |
| BAE SYSTEMS, INC., | ) |
| and | ) |
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF NORTHROP GRUMMAN INNOVATION SYSTEMS, INC.'S
MOTION TO DISMISS COUNTS IV & V OF THE AMENDED COMPLAINT**

COMES NOW Defendant Northrop Grumman Innovation Systems, Inc. ("NGIS"), by counsel, and files this Reply in Support of its Motion to Dismiss Counts IV & V of the Amended Complaint (the "Complaint") filed by Plaintiff Jeffrey S. Meadows ("Meadows") and in support thereof states as follows:

**I.  INTRODUCTION.**

First, Meadows tacitly concedes that his claim for Virginia statutory business conspiracy is not viable, providing no case law in support of his position and relying solely on an interpretation of the statutory language that has been roundly rejected by both the Fourth Circuit and the Supreme Court of Virginia. Accordingly, Meadows's Virginia statutory business conspiracy, Count V of his Amended Complaint, should be dismissed with prejudice.

Second, Meadows's has not pled sufficient factual allegations to support a plausible inference (or coherent claim) that Orbital ATK, Inc. ("Orbital ATK")[1] and BAE Systems, Inc. and/or BAE Systems Ordnance Systems, Inc. (collectively, "BAE") "conspired" with a "preconceived plan" or "unity of design and purpose" for BAE to wrongfully terminate Meadows's employment. Further, even if Meadows's allegations are sufficient, it is utterly implausible that Orbital ATK would have supported terminating Meadows because he refused to engaged in corporate espionage against Orbital ATK. Accordingly, to the extent Meadows has alleged the existence of such a conspiracy, which he has not, the narrative alleged requires the willful suspension of common sense. As such, Meadows has failed to plausibly allege his claim of Virginia common law conspiracy in Count IV of his Amended Complaint, and it should be dismissed with prejudice.

As a result, the Complaint fails to state a claim against Orbital ATK and, to the extent claims are set forth, they are factually and legally insufficient. Therefore, the conspiracy claims against NGIS should be dismissed with prejudice and NGIS should be dismissed as a party.

**II.    ARGUMENT.**[2]

    **A. Meadows's alleged injuries are not covered by the Virginia business conspiracy statutes and his position regarding its interpretation is contrary to controlling case law in the Fourth Circuit and the holdings of the Supreme Court of Virginia.**

Meadows's Virginia statutory business conspiracy claim must be dismissed because

---

[1]    NGIS is alleged to be the successor-in-interest to Orbital ATK, Inc. ("Orbital ATK"). (Compl., ¶ 10)

[2]    Meadows's claims should also be dismissed because, *inter alia*, they are barred by the federal enclave doctrine, derivative sovereign immunity, and because Meadows has failed to meet the pleading requirements under the Federal Rules of Civil Procedure, as set forth in NGIS's prior motions and supporting brief. In the interest of brevity, NGIS will not restate those arguments here. NGIS does not waive or concede any of these arguments and will rely upon them before this Court at any hearing set with regard to the instant motions practice between the parties. Further, NGIS joins in the arguments and authority set forth by BAE in its opposition to Meadows's Motion to Remand and its reply in support of its Motion to Dismiss, in particular those establishing federal enclave jurisdiction.

2
Case 7:19-cv-00394-MFU   Document 25   Filed 08/16/19   Page 2 of 9   Pageid#: 1206

Meadows alleges only damages to his personal and employment interests,[3] neither of which are covered by the Virginia business conspiracy statutes upon which he bases his claim.

Although Meadows implicitly concedes this point, "acknowledge[ing] *Andrews*[4] and the federal cases that have cited it," he nonetheless argues that "the plain language of the statute addresses 'reputation, trade, business or profession . . ..'" Accordingly, Meadows asserts that because he has pleaded conclusory language tracking the statute—"Orbital ATK and BAE's conspiracy damaged Meadows' professional reputation"—the claim is "squarely within the plain language of Virginia Code §§ 18.2-499 and 18.2-500."

But Meadows's position is directly contradicted by the repeated rulings of both Virginia courts and Virginia district courts applying *Andrews* and interpreting these same statutes. *See, e.g.*, *Westwood Ltd. P'ship v. Grayson*, 96 Va. Cir. 312, 2017 WL 9887530, at *20 (2017) ("Here the word 'reputation' is at issue. Within the statute, its association with 'trade, business or profession' requires the exclusion of personal reputation and interest in employment from the scope of the statute's coverage. We note that federal courts in Virginia have reached similar holdings."). Accordingly, Meadows's cannot rely upon the statutory language to establish his claim—especially where the statutes were not designed to encompass defamation and employment claims.

Indeed, Meadows asserts that "as a result of defamation and the termination of his employment with both Orbital ATK and BAE" he was "unable to accept certain employment offers during the pendency of debarment proceedings" and is still unable to accept employment offers because of the "negative and false comments regarding Meadows in the Joint Personnel

---

[3] Excepting insufficient and conclusory legal allegations reciting the statutory language without identifying concrete or particularized injuries. (Compl. ¶ 192, 197).

[4] *Andrews v. Ring*, 266 Va. 311, 319, 585 S.E.2d 780, 784 (2003).

Adjudication System."[5] But, the Fourth Circuit has unequivocally stated that damages to employment, employment prospects, and professional reputation do not fall with the scope of the Virginia business conspiracy statutes. In *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985), the Fourth Circuit found that "injury to the professional reputation of the [plaintiff]" is "in essence, an action in slander and libel," which is not a business-related injury because it relates only to plaintiff's "employment and possible injury to [his] employment reputation." *Id.*

The *Buschi* Court noted that "[i]n an unbroken line of federal district cases . . . the federal district courts in Virginia have consistently held that a right of action is 'afforded [under the Virginia business conspiracy statutes] only when malicious conduct is directed at one's **business**, not one's ***person***' and **'applies only to conspiracies resulting in business-related damages**.'" *Id.* (emphasis added). *See also Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (reiterating this position stating "Virginia's business conspiracy statute was not designed to provide treble damages for defamation suits cloaked as conspiracy claims."). The unbroken line of cases identified in *Buschi* continues today and the Court's position has not changed— Virginia's business conspiracy statute does not encompass injuries to a plaintiff's employment, employment prospects, and professional reputation. *See, e.g., Jaggars v. Sandy Spring Bank*, W.D. Va. No. 6:14-CV-00015, 2015 WL 1648556, at *4 (W.D. Va. Apr. 14, 2015) (citing *Andrews* and *Buschi* and dismissing statutory business conspiracy claim alleging damages to employment and professional reputation stating "the Supreme Court of Virginia has clarified that these statutes 'apply to business and property interests, not to personal or employment interests.'"); *Jackson v. Liberty Univ.*, W.D. Va. No. 6:17-CV-00041, 2017 WL 3326972, at *11–12 (W.D. Va. Aug. 3, 2017) (citing *Andrews* and *Buschi* and finding "[u]nder the relevant interpretations of § 18.2-499,

---

5   (See Amended Complaint, ¶¶ 91–92).

such a claim is not 'directed at property,' and instead relates to 'employment reputation' or 'personal reputation and interest in employment' issues which are excluded from the statute's scope."); *Marcantonio v. Dudzinski*, 155 F. Supp. 3d 619, 636 (W.D. Va. 2015) (dismissing a Virginia business conspiracy claim finding "[t]o the extent, then, that Plaintiff's alleged business interest is not simply his 'swim contract' with UVA but the hope of becoming a professional athlete, it is a future business interest that is not cognizable."); *Jordan v. Hudson*, 690 F.Supp. 502 (E.D.Va.1988) (dismissing claim that defendants injured plaintiff in his "reputation, trade, business and profession" as a United States postmaster because Va.Code. § 18.2–499 addresses injuries to one's business, not to one's employment interests); *King v. Darden*, E.D. Va. No. 3:17-CV-742-JAG, 2018 WL 3651590, at *6 (E.D. Va. Aug. 1, 2018) (dismissing Virginia business conspiracy on same grounds). Given the courts' long-standing adherence to *Andrews* and *Buschi*, it is perhaps unsurprising that Meadows has not identified a single case supporting his position.

Therefore, because Count V, Meadows's claim under Virginia's business conspiracy statute, fails to allege damages cognizable under the statute, it must be dismissed.

### B. Meadows's common law conspiracy claim (Count IV) fails to allege facts supporting a "preconceived plan" or "unity of design and purpose" between BAE and Orbital ATK, which is a necessary element of his claim. Accordingly Count IV must be dismissed.

A claim for civil conspiracy under Virginia common law requires a "preconceived plan and unity of design and purpose, for the common design is the essence of the conspiracy." *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC*, 261 F. Supp. 2d 483, 499, (E.D. Va. 2003). Here, Meadows fails to allege any preconceived plan (or agreement) between Orbital ATK and BAE, much less one that is plausible. Neither does Meadows allege a "unity of design and purpose." Without agreement to undertake or effect a conspiracy—a type of plan or design—

Meadows's cannot connect Orbital ATK's alleged actions to its claim against BAE for wrongful termination. As a result, his common law conspiracy claim against NGIS must fail.

"The function of a conspiracy claim differs in criminal and civil cases. In a criminal context, the purpose of conspiracy charges is to punish the act of agreement itself . . .." *Gelber v. Glock*, 293 Va. 497, 532–35, 800 S.E.2d 800, 820–21 (2017). "The object of a civil conspiracy claim is to spread liability to persons other than the primary tortfeasor" by tying together "those who, acting in concert, may be held responsible for any overt act or acts." *Id*. (quoting *Simpson v. Weeks*, 570 F.2d 240, 242–43 (8th Cir. 1978)).

Here, however, Meadows's has not alleged an overt agreement, or any unity of purpose or design, with which to tie his allegations against BAE to Orbital ATK. Accordingly, his conspiracy claim quickly unravels into tangled, unconnected, and contradictory positions. For example, Meadows asserts that Orbital ATK and BAE "conspired" to terminate Meadows's employment with BAE because **he would not engage in corporate espionage against Orbital ATK and in favor of BAE**. *See, e.g.*, Meadows's Opp. to BAE's Motion to Dismiss at pg. 19 and 27. But alleging that Orbital ATK would participate in a scheme with the purpose of terminating Meadows's employment with BAE because he refused to provide BAE with Orbital ATK's confidential information is not only implausible—it's nonsensical.

Meadows's narrative thread also slips from the needle when Meadows tries to weave Orbital ATK's alleged misreport of his acceptance of employment with CNS[6] into his conspiracy claim. Specifically, Meadows asserts that: (a) Orbital ATK lied to BAE about Meadows's acceptance of employment with CNS; (b) Orbital ATK lied to influence BAE to fire Meadows; (c) Orbital ATK lied to BAE because Orbital ATK wanted to retaliate against Meadows for not

---

[6] CNS is an Orbital ATK affiliated entity.

accepting the CNS position; (d) Orbital ATK did not inform BAE its information was false or of Orbital ATK's desire to retaliate against Meadows for his refusal to accept the CNS position;[7] and as a result (e) Orbital ATK and BAE's respective terminations of Meadows's employment on similar grounds demonstrates that Orbital ATK and BAE agreed, with unity of purpose, to take actions that would result in BAE terminating Meadows's employment for Meadows's refusal to commit corporate espionage against Orbital ATK. Again, notably absent from Meadows's web of conspiracy is any factual allegation as to how Orbital ATK's unilateral deception of BAE has anything to do with BAE's alleged wrongful termination of Meadows's employment for refusing to commit corporate espionage (or why Orbital ATK would want Meadows's terminated for his refusal to do so).

In addition, Meadows does not allege when, where, how, or why Orbital ATK and BAE agreed that Orbital ATK's unilateral deception of BAE would support BAE's alleged wrongful termination, nor does Meadows explain when, where, how, or why BAE and Orbital ATK agreed to work towards effecting BAE's alleged wrongful termination of Meadows.[8] In short, Meadows's allegations are neither comprehensible nor plausible, and when the thread is tugged, the conspiracy claim simply comes undone.

Thus, even accepting the allegations as true, Meadows has failed to sufficiently allege his claim for civil conspiracy (claim IV), because he has not tied BAE's alleged wrongful termination of his employment to any conspiracy between BAE and Orbital ATK. Therefore, Meadows's claim for civil conspiracy should be dismissed. *See, e.g.*, *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308,

---

[7] Presumably, Orbital ATK also did not conspire with BAE for the purpose of Orbital ATK deceiving BAE so that BAE would terminate Meadows's employment as a result of Orbital ATK's deception of BAE, as it is impossible to both know a fact is false and simultaneously believe that fact to be true.

[8] Also, missing is any insight as to what part, if any, Orbital ATK's alleged misrepresentation to BAE could have played in this Gordian knot, given that Meadows's claim against BAE is that he was terminated for refusing to engaging in corporate espionage, not because BAE was lied to by Orbital ATK.

320 (2012) (holding that speculation and inference derived from a set of facts is insufficient to support a claim of conspiracy); and *Othentec Ltd. V. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (holding "mere speculation or the building of one inference upon another" is insufficient justification for proceeding to trial on a conspiracy claim).

### III.  CONCLUSION.

As set forth above, Meadows has failed to plead the necessary elements to support his conspiracy claims and, without such factual basis, as a matter of law Meadows cannot prove the required elements. Thus, his conspiracy claims (Counts IV and V) should be dismissed, with prejudice.

WHEREFORE, for the foregoing reasons, NGIS respectfully requests that this Court grant its Motion to Dismiss Counts IV and V of the Complaint and dismiss NGIS from this action.

Respectfully submitted,

**NORTHROP GRUMMAN INNOVATION SYSTEMS, INC.**

By: s/James K. Cowan, Jr.

James K. Cowan, Jr. (VSB 37163)
Eric D. Chapman (VSB 86409)
CowanPerry PC
250 South Main Street, Suite 226
Blacksburg, Virginia 24060
Telephone: (540) 443-2850
Facsimile: (888) 755-1450
jcowan@cowanperry.com
echapman@cowanperry.com

*Counsel for Defendant*
*Northrop Grumman Innovation Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Reply was filed via ECF this 16th day of August 2019.

John R. Thomas, Jr., Esq.
Healy Hafemann Magee LLC
11 Franklin Road, S.W.
P.O. Box 8877
Roanoke, Virginia 24014
*jt@hhm.law*

John P. Fishwick, Esq.
Monica L. Mroz, Esq.
Carrol M. Ching, Esq.
Daniel J. Martin, Esq.
Fishwick & Associates PLC
30 Franklin Road, Suite 700
Roanoke, Virginia 24011
*john.fishwick@fishwickandassociates.com*
*monica.mroz@fishwickandassociates.com*
*carrol.ching@fishwickandassociates.com*
*daniel.martin@fishwickandassociates.com*

    *Counsel for Plaintiff, Jeffrey S. Meadows*


Thomas M. Winn, III, Esq. (VSB # 35758)
winn@woodsrogers.com
Joshua R. Treece, Esq. (VSB #79149)
jtreece@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7529
Facsimile: (540) 983-7711

    *Counsel for Defendants BAE Systems, Inc.*
    *and BAE Systems Ordnance Systems, Inc.*


                                              s/James K. Cowan, Jr.